## MICHEL BERGERON v. HIS CREDITORS.

APPEAL from the District Court of St. James, *Deblieux*, J.

*Remy* and *Cannon*, for the appellants.

*M. Taylor* and *Winchester*, for the syndic.

SIMON, J. This is an appeal from a judgment rejecting the op

position of the widow and heir of Jules Balloc deceased, to the tableau of distribution filed by the syndic of the creditors of the insolvent, in which the said widow and heir were put down as *ordinary creditors*, for the sum of $38,275.

The opposition sets forth that the insolvent is indebted to the opponents in the amount carried in the tableau, but that instead of being placed therein as ordinary creditors, they should have been ranked as mortgage creditors to be paid in preference to the insolvent's wife, out of the proceeds of the sale of the slaves, on the ground that Balloc's mortgage has never been released. It is further stated that the wife's renunciation is binding upon her, because the retractation made by her is null and void, as it was not notified in due time to the opponents ; and that the judgment rendered in favor of Peyroux & Co. having been obtained by collusion with the insolvent, and in fraud of the rights of the other creditors, their account must be set aside, and its amount distributed among the mortgage creditors. The opponents pray that they may be placed among the mortgage creditors for the sum of $38,275, by preference to the insolvent's wife ; that her retractation may be declared null and void ; and the claim of Peyroux & Co. be set aside as fraudulent.

The only serious question which this case presents, arises out of th epretended conventional mortgage given by the insolvent to Jules Balloc to secure certain endorsements which the latter had given for the insolvent's benefit ; and it is contended that the notes produced by the opponents, and on which their mortgage claim is founded, are the same alluded to in the act of mortgage, or were given and endorsed in renewal of the original notes.

The evidence shows that on the fifth of March, 1833, a certain act of conventional mortgage was executed by the insolvent in favor of Jules Balloc, in which it is declared : " *Que M. Jules Balloc, négociant, &c., a endossé pour lui* (M. Bergeron) *des billets montant ensemble à la somme de vingt-cinq mille piastres ; et que pour garantir audit sieur Balloc les effets des susdits endossemens, il a, par ces présentes, affecté, obligé, et hypothéqué en sa faveur les propriétés ci-après, &c.*" It is further stipulated in the said act : " *Lesquelles propriétés devront rester hypothéquées jusqu'à l'extinction desdits endossemens, à quelque somme qu'ils se ré-*

*duisent, au moyen des renouvellemens et des diminutions que M. Bergeron pourra faire à ses susdits billets.*" Now, the opponents have produced *seven notes* which have never been protested, though apparently endorsed by Jules Balloc, two of which, of $6300 each, are dated 1st of March, 1833, and the five others are all dated subsequent to the mortgage, to wit: two dated, 26th March, 1833, one 9th December, 1833, another 27th March, 1834, and the last 2d April, 1834. It is not shown that the amount of the notes was ever paid by Jules Balloc, or by his widow and heir. They are all endorsed by other persons before Jules Balloc, who is the last endorser ; and it seems strange that those notes, not being paid at maturity, should not have been protested, for the purpose, at least, of securing the recourse of the bearer against the previous endorsers. One of the notes is also certified " *Ne varietur*" by a notary public and is undoubtedly secured by some other mortgage. Be this as it may, it appears to us clear that five of the notes produced, were not those contemplated by the act of mortgage, their dates are posterior to the act, and they are not shown to have been given in renewal of other notes. The act of mortgage says, " *que Jules Balloc a endossé pour lui des billets.*" The notes must have been then in existence ; they had already been endorsed ; and if those produced were given to renew them, it was the duty of the opponents to prove this fact, in order to identify them with the act of mortgage.

With regard to the two notes dated previous to the act of mortgage : A document produced by the syndic, which appears to be a receipt showing the manner they are to be disposed of and accounted for, was executed by Jules Balloc on the 19th of April, 1833, in which he declares that he received said two notes from the drawer Michel Bergeron, " *formant ensemble la somme de* $12,600, *dont je m'oblige de lui tenir compte, payé que je sois de ces deux billets.*" Now, it cannot be doubted that these two notes had not been and were not endorsed by Balloc at the time of the mortgage, though dated previously. They were endorsed by other persons, and were not delivered to Balloc until about six weeks after the giving of the mortgage. They were transferred to Balloc for some particular purpose, which is not shown. Balloc was to account to the drawer for their amount, after payment

at maturity ; and the endorsements of Balloc on the notes only show, that having been put in his hands, or transferred to him on the 19th of April, 1833, he subsequently endorsed them over to other persons. It is not shown that he paid them ; and if they had been taken up at maturity by Michel Bergeron, the receipt shows that Balloc was to account to him for the amount paid by the drawer. This transaction appears to be of a diffierent nature from that contemplated by the parties in the act of mortgage ; and we are not ready to say that the said notes were among those alluded to in the act.

We must, therefore, conclude that the opponents have failed to identify the notes by them produced, with the pretended conventional mortgage given to secure Balloc's endorsements, and that the inferior judge has not erred in rejecting their pretensions.

The solution of this first question renders it unnecessary to examine the validity of the wife's retractation of her renunciation, as the opponents have shown no mortgage to be prefered to her's ; and as their opposition contains no allegation against the judgment obtained by the wife against her husband the insolvent, for the amount of which she was placed on the tableau. It is obvious that her claims being undisputed, are not subject to any farther investigation.

With respect to the claim of Peyroux, Rivarde & Co. it is contested by the opponents, on the ground of fraud and collusion, They say that the judgment obtained by Peyroux, Rivarde & Co. against Bergeron was collusive ; but they state no fact to show in what the fraud consisted. This general allegation of fraud and collusion could not be sufficient to require a new investigation of the rights recognized by the judgment, unless the opponents had been able to point out the errors contained in it, as the result of the collusion and fraud of the parties thereto, to the prejudice of the other creditors of the insolvent. The record contains no evidence whatever, from which collusion and fraud could be inferred. The transactions complained of appear, on the contrary, to have been carried on fairly, and honestly ; and after a thorough examination of the liquidation made by the lower court, we have been unable to discover any error in it that requires our interference.

*Judgment affirmed.*